UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| No. | 2:20-cv-01806-ODW (PJWx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Yong Koo v. Hua Ding, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge |
|---|---|

| Sheila English | Not reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**          **In Chambers**

　　　On July 23, 2020, the Court ordered Plaintiff to show cause, in writing only, no later than July 28, 2020, why the Court should not dismiss this action based on Plaintiff's failure to serve the Complaint within the Rule 4(m) period. (ECF No. 13.) The Court's July 23, 2020 Order explained that the Court would discharge that Order upon the filing of a timely proof of service or a demonstration of good cause why timely service has not been made, supported by declaration under penalty of perjury. (ECF No. 13.) The Court's July 23, 2020 Order further explained that failure to timely respond to that Order may result in the dismissal of the action without further warning. (ECF No. 13.)

　　　On July 27, 2020, Plaintiff filed a proof of service indicating that Defendant Lancer Investments, LLC was served on June 29, 2020. (ECF No. 14.) On July 28, 2020, Plaintiff filed a notice of dismissal as to Defendant Hua Ding, Inc. (ECF No. 15), but later that same day, Plaintiff filed an errata indicating that the notice of dismissal "was inadvertently filed" and that "Plaintiff requests that ECF No. 15 be taken out of the system and not considered by the Court." (ECF No. 16.) Then, still on July 28, 2020, Plaintiff filed a proof of service indicating that Defendant Hua Ding, Inc. was served on July 28, 2020. (ECF No. 17.)

　　　Plaintiff's Complaint was filed on February 25, 2020 (ECF No. 1); thus, Plaintiff failed to file timely proofs of service because neither defendant was served within the 90-day window following filing of the Complaint afforded under Rule 4(m). (ECF Nos. 14, 17.) Additionally, as of July 29, 2020, Plaintiff offered no explanation for why service had not been timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:20-cv-01806-ODW (PJWx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Yong Koo v. Hua Ding, Inc. et al.* | | |

Thus, on July 29, 2020, the Court ordered Plaintiff to show cause, in writing only, no later than August 3, 2020, why the Court should not dismiss this action based on Plaintiff's failure to serve the Complaint within the Rule 4(m) period and based on Plaintiff's failure to comply with the Court's July 23, 2020 Order. (ECF No. 18.) The Court's July 29, 2020 Order explained that the Court would discharge that Order as well as the Court's July 23, 2020 Order (ECF No. 13), *only* upon demonstration of good cause why timely service has not been made, supported by declaration under penalty of perjury. (ECF No. 18.) The Court's July 29, 2020 Order further explained that failure to timely respond to that Order would result in the dismissal of the action without further warning. (ECF No. 18.)

On July 31, 2020, Plaintiff filed a Response to the Court's Orders. (Response, ECF No. 19.) Plaintiff asserts that in March 2020, someone who was potentially going to represent Defendants requested that Plaintiff refrain from serving Defendants until they were retained as Defendants' counsel. (Response ¶ 2.) After not hearing anything else, Plaintiff hired an attorney service to serve Defendants on June 25, 2020. (Response ¶ 3.) Then, after not hearing anything from the attorney service (and after the Court issued its July 23, 2020 Order (ECF No. 13)), Plaintiff requested an update from the attorney service on July 27, 2020, thereby leading to the two proofs of untimely service filed by Plaintiff (ECF Nos. 14, 17). (Response ¶ 4–5.)

Service was due 90 days from the filing of the Complaint (i.e., May 25, 2020). *See* Fed. R. Civ. P. 4(m). The fact that someone purporting to intend to represent Defendants asked Plaintiff to refrain from serving Defendants is not good cause for failure to comply with Rule 4(m). Additionally, while Plaintiff may have made diligent efforts to serve Defendants after the Court issued its July 23, 2020 Order, Plaintiff presents no good cause for failing to take such actions before May 25, 2020.

Consequently, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** for failure to serve Defendants within 90 days after the Complaint was filed and for failing to show good cause for the failure. *See* Fed. R. Civ. P. 4(m). The Clerk of the Court shall close the case.

| | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:20-cv-01806-ODW (PJWx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Yong Koo v. Hua Ding, Inc. et al.* | | |